VLECK TURNER & ZALLER LLP
   Brian F. Van Vleck, State Bar No. 155250
   Jennifer S. Grock, State Bar No. 245671
6310 San Vicente Boulevard, Suite 430
Los Angeles, California 90048
Telephone:  (323) 592-3505
Facsimile:  (323) 592-3506

Attorneys for Plaintiffs
Jose Gonzalez, Girard Plair, and
Andrew Newton

Robert A. Jones, State Bar No. 107839
robert.jones@ogletreedeakins.com
Carolyn B. Hall, State Bar No. 212311
carolyn.hall@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant SIMPLEXGRINNELL LP

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE GONZALEZ, GIRARD PLAIR, and ANDREW NEWTON<br><br>      Plaintiffs,<br>  vs.<br><br>SIMPLEXGRINNELL LP and DOES 1 through 100 inclusive<br><br>      Defendants. | Case No. 3:11-cv-00900-RS<br><br><u>CLASS ACTION</u><br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE VARIOUS PRETRIAL DATES**<br><br>Ctrm: 3, Hon. Richard Seeborg<br><br>Complaint Filed:   January 25, 2011<br>Trial Date:          None Set |

Having met and conferred, and for the good cause recited below, Plaintiffs Jose Gonzalez, Girard Plair, and Andrew Newton ("Plaintiffs"), and Defendant SimplexGrinnell LP ("Defendant"), through their respective counsel, hereby stipulate to amending the current pre-trial deadlines as set forth below.

**RECITATIONS**

1. On February 12, 2013, the Court granted Plaintiffs' motion for class certification. Defendant subsequently moved for reconsideration, which motion the Court denied on December 20, 2013.

2. On March 21, 2014, pursuant to the Court's request, the Parties submitted a Joint Statement re Proposed Class Notice and Litigation Deadlines (Docket #61), in which they proposed certain litigation deadlines, and also submitted an agreed-upon form of Class Notice.

3. By its Scheduling Order of April 30, 2014 (Docket # 62), the Court set various litigation deadlines in response to the Parties' proposal.

4. Following their initial March 21, 2014 Joint Statement, however, the Parties have engaged in extensive discussions regarding discovery and mediation scheduling and have met and conferred about these issues. As a result of these efforts the Parties have determined that it will be necessary to modify the current Scheduling Order in order to provide notice to the Class, complete necessary discovery, and engage in an effective mediation. The reasons for the requested modifications are as follows:

   a. Prior to the denial of reconsideration and finalization of the Court's class certification order, Plaintiffs had engaged in only "bifurcated" discovery directed at the issue of class certification.

   b. Following finalization of class certification, Plaintiffs propounded extensive discovery directed at the issues of class notice, liability, expert testimony, and damages.

   c. Plaintiffs believe that the requested information is essential to providing notice to the Class, conducting effective deposition discovery, expert discovery, settlement discussions, and preparation for trial.

d. The Parties have been cooperating and do not anticipate at this juncture that Court intervention will be required in the discovery process. However, due to the extent of the information requested, Defendant has required several extensions of time and has not yet been able to fully assemble the responsive data.

e. The Parties have scheduled a mediation session for August 26, 2014, in San Francisco with Mediator Susan W. Haldeman, of Gregorio, Haldeman & Rotman.

f. The Parties wish to make a full attempt at settlement at the scheduled mediation session and believe it will facilitate settlement to allow a reasonable interval between the mediation and the trial date and other pre-trial deadlines.

## STIPULATION

5. Based on the above, the Parties hereby stipulate to modify the dates set forth in the current scheduling order (Docket #62), as follows:

| Matter | Current Deadline | Requested Deadline |
|---|---|---|
| Mailing of Notice to the Class | April 30, 2014 | June 30, 2014 |
| Deadline for Class Members to Opt-Out | June 30, 2014 | September 1, 2014 |
| Mediation Completion | August 29, 2014 | September 30, 2014 |
| Non-Expert Discovery Completion | November 14, 2014 | February 16, 2015 |
| Expert Witness designation in accordance w. Rule 26(a)(2) | November 14, 2014 | February 16, 2015 |
| Designation of supplemental and rebuttal experts in accordance w. Rule 26(a)(2) | December 5, 2014 | March 5, 2015 |
| Deadline for completion of all expert witness discovery pursuant to Rule 26(b)(4) | January 5, 2014 | April 6, 2015 |
| Further Case Management Conference | November 20, 2014 at 10:00 a.m. | February 26, 2015 |
| Deadline to file dispositive pretrial motions and motions for class certification | January 26, 2015 | April 26, 2015 |

6. The Parties further stipulate that notice to the Class shall be in the form previously submitted to the Court in connection with the Parties' Joint Scheduling Statement (Docket #61), a copy of which is attached as Exhibit "A" hereto.

IT IS SO STIPULATED.

Dated: May 28, 2014  VAN VLECK TURNER & ZALLER, LLP

By: */s/Brian F. Van Vleck*
Brian F. Van Vleck
Attorneys for Plaintiffs

Dated: May 28, 2014  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/Carolyn B. Hall*
Carolyn B. Hall
Attorneys for Defendant SimplexGrinnell LP

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: May 28, 2014            */s/ Carolyn B. Hall*
                                Carolyn B. Hall

**[~~PROPOSED~~] ORDER**

Based upon the foregoing stipulation and for good cause appearing thereon, IT IS SO ORDERED.

May 28, 2014

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

17990766.1

Case 3:11-cv-00900-RS Document 65 Filed 05/28/14 Page 6 of 13

**EXHIBIT A**

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*Gonzalez et al. v. SimplexGrinnell LP*
Case No. C 11-0900 RS

### NOTICE OF PENDENCY OF CLASS ACTION

**A CLASS ACTION LAWSUIT HAS BEEN FILED AGAINST DEFENDANT SIMPLEXGRINNELL LP. If you were employed by SimplexGrinnell, LP from January 24, 2007 through the present date in the position of Inspector, Field Technician, or other position in which you were assigned to drive a "Decaled" Company Vehicle, this class action may affect your rights.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Three former employees have sued SimplexGrinnell, LP ("SimplexGrinnell") on behalf of themselves and other SimplexGrinnell drivers alleging that SimplexGrinnell violated California wage and hour laws by not compensating class members for all hours spent driving company supplied "decaled" or "labeled" vehicles (collectively the "Claims").

- The Court has ordered the lawsuit to proceed as a class action on behalf of a class of SimplexGrinnell employees defined below ("Class Members") from January 24, 2007 to the present with respect to the Claims.

- At this point, the Court has not yet decided whether SimplexGrinnell has done anything wrong. There is no money available now, and there is no guarantee there will be.

- Your legal rights are affected by this Lawsuit, and you have a choice to make now.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

   **(1) DO NOTHING AND STAY IN THE LAWSUIT –** By doing nothing, you keep the possibility of getting money that may come from an award or settlement. But, you give up any rights to sue SimplexGrinnell separately about the same legal claims in this lawsuit.

   **(2) ASKED TO BE EXCLUDED -** If you ask to be excluded and money is later awarded at trial or made available in settlement you will not receive any money. But, you keep any rights to sue SimplexGrinnell separately about the same legal claims in this lawsuit. You must request to be excluded by **[DATE OF NOTICE PLUS 60 DAYS]**.

## WHAT THIS NOTICE CONTAINS

**PAGE**

**BASIC INFORMATION**
1. Why did I get this notice?............................................................................................3
2. What is the Litigation about?......................................................................................3
3. Has the Court decided who is right?...........................................................................3
4. What are the Plaintiffs asking for?..............................................................................3
5. What is a class action and who is involved?...............................................................4
6. Why is this lawsuit a class action?..............................................................................4
7. Is there any money available now?.............................................................................5
8. Am I part of the Class?................................................................................................5
9. I'm still not sure if I'm included..................................................................................5

**YOUR RIGHTS AND OPTIONS**
10. What happens if I do nothing at all?............................................................................5
11. Can SimplexGrinnell terminate my employment if I remain in the Class?................................................................................................................................6
12. How do I ask the Court to exclude me from the Class?..............................................6
13. If I don't exclude myself, can I sue SimplexGrinnell for the same thing later?............................................................................................................................6
14. May I submit an opt-out request on behalf of others?................................................6

**THE LAWYERS REPRESENTING YOU**
15. Do I have a lawyer in this case?..................................................................................6
16. Can I contact Class Counsel?......................................................................................6
17. Should I get my own lawyer?......................................................................................7
18. How will Class Counsel be paid?................................................................................7

**THE TRIAL**
19. How will the Court decide the claims in the case?.....................................................7
20. Do I have to come to trial?..........................................................................................7
21. Will I get money after the trial?..................................................................................7

**GETTING MORE INFORMATION**
22. Are more details available?.........................................................................................7
23. Can I examine the Court's file?...................................................................................8
24. Can I speak to Class Counsel?....................................................................................8

**BASIC INFORMATION**

| 1. | Why did I get this notice? |

SimplexGrinnell's records show that you worked in California between January 27, 2007 and the present as an Inspector, Field Technician, or Other Position in which you were assigned to drive a "decaled" company vehicle. This notice explains that the Court has allowed or "certified" a class action lawsuit that may affect you. You have legal rights and options that you may exercise. The lawsuit is known as *Jose Gonzalez, et al. v. SimplexGrinnell LP*, in the United States District Court for the Northern District of California, Case No. C 11-0900 (RS) (the "Litigation"). The judge assigned to oversee this class action is the Honorable Richard Seeborg (the "Court").

| 2. | What is the Litigation about? |

The Litigation generally involves claims under the California Labor Code and related Wage Orders. Plaintiffs allege that they were not compensated for all hours that they worked as required by California law. Plaintiffs allege that under California law, an employer is required to pay its hourly non-exempt employees at the applicable legal rate of compensation for every hour worked. Plaintiffs further allege that time spent driving a company-supplied "decaled" or "labeled" vehicle from their homes to worksites or from worksites to their homes is compensable "work" which must be paid at the applicable legal rate of pay. The applicable legal rate of pay may be defined by reference to the class member's contracted rate of pay, the premium rate required for statutorily defined "overtime" hours of work, and/or the California Minimum Wage rate of $8.00 per hour. SimplexGrinnell emphatically denies that it engaged in any wrongful conduct or that it violated the law in any way.

| 3. | Has the Court decided who is right? |

The Court has not decided whether SimplexGrinnell or Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that Plaintiffs will win or lose this case. Plaintiffs must prove their claims at a trial, unless the claims are resolved by the Court or by settlement before the trial. (See "The Trial" below on page 7.)

| 4. | What are Plaintiffs asking for? |

Plaintiffs seek monetary damages for themselves and the Class Members to compensate for allegedly unpaid hours of work as well as applicable penalties and interest, and attorneys' fees to be paid to the attorneys whom the Court has appointed as Class Counsel.

| 5. | What is a class action and who is involved? |

In a class action lawsuit, one or more people called "Plaintiffs" or "Class Representatives" (in this case Jose Gonzalez, Girard Plair, and Andrew Newton), who performed work for SimplexGrinnell as inspectors or field technicians after January 25, 2007, sue on behalf of other people whom they believe have similar claims. The people together are a "Class" and are made

3

up of Class Members. The employees who sued - and all the Class Members - are called the Plaintiffs. The company they sued (in this case, SimplexGrinnell) is called the Defendant. This Class is comprised of the following categories of employees: "All current or former SimplexGrinnell field employees who were assigned a "decaled" or "labeled" vehicle between January 24, 2007, and the present."

**6.     Why is this lawsuit a class action?**

The Court has decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

Specifically, the Court found that:
- The number of Class Members is no numerous that joining them all into one suit is impractical.
- Members of the Class share common legal or factual issues relating to the claims in this case.
- The claims of the Class Representatives are typical of those of the class.
- The Class Representatives and the lawyers representing the Class (Van Vleck Turner & Zaller LLP) will fairly and adequately protect the Class's interests.
- The common legal questions and facts predominate over any individual questions affecting members of the Class, and this class action will be more efficient than individual lawsuits.

**7.     Is there any money available now?**

No. Money is not available now because SimplexGrinnell denies any liability for the Claims, the Court has not yet decided whether SimplexGrinnell did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to receive your share, unless you choose now to be excluded from the Class.

**8.     Am I part of the Class?**

You are part of the class if you work or worked for SimplexGrinnell in California at any point from January 24, 2007 to the present and you were assigned to drive a company-provided "decaled" or "labeled" vehicle.

**9.     I'm still not sure if I'm included.**

If you are still not sure whether you are included, you can get help by calling or writing to the lawyers in the case, at the phone number or address listed in question 16 below.

**YOUR RIGHTS AND OPTIONS**

4

You have the right to decide whether to stay in the Class or ask to be excluded before the trial, And you have to decide this now!

| **10.** | **What happens if I do nothing at all?** |

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for any share to which you may be entitled (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, SimplexGrinnell - as part of any other lawsuit - about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you will not be able to maintain a separate lawsuit claiming allegedly unpaid wages for certain times spent driving a company-supplied "decaled" vehicle at any time after January 25, 2007. You will also be legally bound by all of the Orders the Court issues and Judgments the Court makes in this class action.

| **11.** | **Can SimplexGrinnell terminate my employment if I remain in the Class?** |

If you are currently employed by SimplexGrinnell in any capacity, your decision to as to whether to remain in the Class or to exclude yourself will not affect your employment in any way. Both state and federal law prohibit companies from retaliating against workers who engage in litigation to enforce their rights under the labor laws.

| **12.** | **How do I ask the Court to exclude me from the Class?** |

You have the right to exclude yourself from this Class and this lawsuit. If you exclude yourself, you will still have the right to pursue your own claims with counsel of your choice at your own expense. You will not lose any claims you may have by excluding yourself, but you cannot share in any class recovery if you are excluded. If you want to be excluded from the Class and thus, not participate in this lawsuit, you must fill out the enclosed postcard and mail it to the Court-appointed Administrator at the address listed on the postcard. The postcard will state that you wish to be excluded from the Class and that you understand that you will not be bound by what happens in the case, whether for or against the Class. The post card must also include your name, address, telephone number, and signature. The postcard must be postmarked by **[DATE OF NOTICE PLUS 60 DAYS]** and mailed to the Administrator at the following address: - _____.

| **13.** | **If I don't exclude myself, can I sue SimplexGrinnell for the same thing later?** |

No. Unless you exclude yourself, you give up the right to sue SimplexGrinnell for the claims in this lawsuit. You must exclude yourself from this Class to start or continue your own lawsuit.

| **14.** | **May I submit an opt-out request on behalf of others?** |

No, a Class Member may not submit an opt-out request on behalf of any other Class Members.

5

## THE LAWYERS REPRESENTING THE CLASS MEMBERS

| 15. | Do I have a lawyer in this case? |

The Court decided that the law firm of Van Vleck Turner & Zaller LLP is qualified to represent you and all Class Members. These lawyers are called "Class Counsel." They are experienced in handling similar cases.

| 16. | Can I contact Class Counsel? |

You may **WRITE, E-MAIL or CALL** Class Counsel: Brian Van Vleck, Esq. at Van Vleck Turner & Zaller LLP, 6310 San Vicente Blvd., Suite 430, Los Angeles, California 90048; email: bvanvleck@vtzlaw.com; phone (323) 592-3505; website: www.vtzlaw.com.

| 17. | Should I get my own lawyer? |

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| 18. | How will Class Counsel be paid? |

If Class Counsel obtains money or benefits for the Class, they may ask the court for their fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by SimplexGrinnell.

### 19. Who Represents SimplexGrinnell?

Counsel for Defendant SimplexGrinnell:

Robert A. Jones
Carolyn B. Hall
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Market Plaza
Steuart Tower, Suite 1300
San Francisco, California 94105
415-442-4810

## THE TRIAL

| 19. | How will the Court decide the claims of this case? |

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove Plaintiffs' claims at a trial. During the trial, a jury or the judge will hear all of the evidence to help them reach a decision about whether Plaintiffs or SimplexGrinnell is right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that Plaintiffs will obtain any money for the Class.

| **20.** | **Do I have to come to the trial?** |

You do not need to attend the trial unless you are specifically required to be there as a witness by an attorney or the Court. Class Counsel will present the case for the Class, and attorneys for SimplexGrinnell will present the defenses. You or your own lawyer are welcome to come at your own expense.

| **21.** | **Will I get money after the trial?** |

If Plaintiffs obtain money or benefits as a result of the trial or a settlement, and if you have not excluded yourself from the Class, you will be notified about how to receive your share. No one knows how long this will take.

## GETTING MORE INFORMATION

| **22.** | **Are more details available?** |

Yes, if you believe that you need more details in order to make a decision, you may examine the Court's file or speak with Class Counsel as described in Questions 23 and 24 below.

| **23.** | **Can I examine the Court's file?** |

Yes, you may examine the Court's file at 450 Golden Gate Ave., San Francisco CA, 94102. DO NOT ATTEMPT TO CONTACT THE JUDGE OR HIS CLERK DIRECTLY.

| **24.** | **Can I speak to Class Counsel?** |

Yes, for more complete details about the Litigation, you may **WRITE, E-MAIL or TELEPHONE** Class Counsel:
Brian Van Vleck, Esq. at Van Vleck Turner & Zaller LLP,
6310 San Vicente Blvd., Suite 430, Los Angeles, California 90048;
Email: bvanvleck@vtzlaw.com;
Phone (323) 592-3505;
Website: www.vtzlaw.com.

**Do not call, write or otherwise contact the Court or anyone employed by the Court.**

Dated: _____, 2014        BY THE COURT

_____
HONORABLE RICHARD SEEBORG

7