UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIMPLEXGRINELL LP,<br><br>    Defendant. | Case No. 11-cv-00900-RS<br><br>**ORDER DENYING MOTION TO RELATE CASE** |

Pursuant to Civil Local Rule 3-12, plaintiffs move to relate *Bennett v. SimplexGrinnell LP*, Case No. 3:11-cv-01854-JST to this action. The two cases were both filed in early 2011, with this one predating *Bennett* by about three months.

The certified class in this action consists of ""[a]ll current or former SimplexGrinnell field employees who were assigned a "decaled" or "labeled" vehicle between January 24, 2007, and the present." The gravamen of the claims is that defendant has violated labor laws by effectively requiring its "Field Technicians" to drive company-supplied vehicles to and from work, but then declining to compensate them for the time they spend driving those vehicles at the beginning and end of the work day.

In *Bennett*, plaintiffs have brought a motion to certify a settlement class consisting of "all individuals employed by SimplexGrinnell at any time since April 18, 2007 until October 28, 2014 who have performed testing or inspection of fire alarm or sprinkler systems in California on 'public works,' as defined in California Labor Code §§ 1720, 1771." The claims asserted in

*Bennett* center on defendant's alleged failure to comply with the statutory requirement to pay "prevailing wages" on public works products.

The two actions overlap to the extent that they both generally involve compensation practices of defendant during roughly the same time period, and in that many individual employees may be covered by both class definitions. The cases otherwise appear to be substantially different, involving disparate facts, legal standards, and liability theories. Extensive substantive motion practice has taken place in *Bennett* under the purview of the presently-assigned judge, who by virtue of familiarity with that litigation is in a superior position to evaluate the fairness and adequacy of the proposed settlement.

Plaintiffs here nevertheless seek to relate the cases because they contend that the effect of the release in *Bennett* will be to extinguish their claims in this action, without adequate compensation. Such an argument, however may appropriately be presented as an objection to settlement approval in *Bennett*, as it goes to either the language and proper scope of the release, or the fairness of the amount of compensation class members will receive, or both. Reassigning *Bennett* would not serve the purposes of Rule 3-12 and, to the contrary, would result in losing benefits of the judicial resources invested in *Bennett* to date, at the very point when that prior work likely will be particularly useful in evaluating the fairness and adequacy of the settlement and the requested fees. Accordingly, the motion to relate *Bennett* to this action is denied.

**IT IS SO ORDERED**.

Dated: January 15, 2015

_____
RICHARD SEEBORG
United States District Judge

ORDER DENYING MOTION TO RELATE CASE
CASE NO. 11-cv-00900-RS
2