VLECK TURNER & ZALLER LLP
   Brian F. Van Vleck, State Bar No. 155250
6310 San Vicente Boulevard, Suite 430
Los Angeles, California 90048
Telephone: (323) 592-3505
Facsimile: (323) 592-3506

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE GONZALEZ, GIRARD PLAIR, and ANDREW NEWTON<br><br>　　　　Plaintiffs,<br>vs.<br><br>SIMPLEXGRINNELL LP and DOES 1 through 100 inclusive<br><br>　　　　Defendants. | CASE NO: C 11-00900 RS<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION AS MODIFIED BY THE COURT**<br>Hon. Richard Seeborg<br><br>Date: November 19, 2015<br>Time: 1:30 p.m.<br>Ctrm: 3, Hon. Richard Seeborg<br><br>Action Filed:  January 25, 2011<br>Trial Date:    TBD |

[PROPOSED] ORDER AND JUDGMENT
APPROVING CLASS SETTLEMENT

The unopposed Motion for Final Approval of Class Action Settlement, filed by Plaintiffs Jose Gonzalez, Girard Plair, and Andrew Newton ("Plaintiffs") came on for hearing regularly in Courtroom 3 of the above captioned court, the Honorable Richard Seeborg presiding. All parties appeared by counsel of record. Defendant SimplexGrinnell LP ("SimplexGrinnell" or "Defendant") does not oppose the motion. No objection or opposition from any class member or third-party has been received.

## ORDER FINALLY APPROVING CLASS SETTLEMENT

Having fully considered the Plaintiffs' Notice of Motion, supporting Memorandum of Points and Authorities, Declarations of Brian F. Van Vleck and Derick Smith, Plaintiffs' previously filed Motion for Attorneys' Fees, Costs, and Service Awards and its supporting documents (ECF No.83), and the arguments of counsel presented to the Court at the hearing of this motion, and with GOOD CAUSE APPEARING, the Court hereby rules as follows:

1. The Court GRANTS the Parties' request for Final Approval of Class Action Settlement. The Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all Parties to the action. The Court finds the terms and conditions contained in the Class Action Settlement Agreement ("Settlement") (ECF No.74-1), are fair, reasonable, and adequate, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds that: (1) the settlement amount of $3,500,000 is fair and reasonable to the Class Members, when the strength of their claims is balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that Class Counsel were able to reasonably evaluate the strength and value of the class claims; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; (4) the proposed Settlement is

1  supported by the opinion of experienced and well-qualified Class Counsel; and (5)
2  the Settlement Class has expressed support of the Settlement as evidenced by the
3  receipt of zero (0) objections and just seven (7) requests for exclusion from the
4  approximately 800 Class members.

5      3.    The Court hereby makes final its earlier provisional certification of the
6  Class (ECF No. 81), as set forth in the terms of the Settlement:

> All current or former SimplexGrinnell field employees who worked in California and who were assigned a 'decaled' or 'labeled' vehicle between January 24, 2007, and the Preliminary Approval Order Date.

The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes.

    4.    The Court finds that, as stated in the Declaration of Dereck Smith on behalf of the Claims Administrator (ECF No. 84-2), the Notice of Class Action Settlement documents mailed to the Class ("Notice") (ECF No. 84-3), fully and accurately informed the Class Members of all material elements of the proposed Class Settlement and of their opportunity to object to or comment thereon. The Notice was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with F.R.C.P. Rule 23(e)(1)(B), due process, and other applicable laws.

    5.    The Court further finds that an attorney fee award of $1,018, 500 (the "Fee Award"), which equals 30% of the net settlement amount after deducting the sums approved below as counsel's expenses and the costs of settlement administration, is reasonable. The action was actively prosecuted by Class Counsel over a period of more than four years. A fee in excess of the 25% "benchmark" is warranted in light of all the circumstances, including the degree of success and the fact that plaintiff obtained class certification prior to settlement.

1        6.       In addition, plaintiffs have presented evidence to establish a "lodestar" of $1,048,240, calculated by multiplying the number of hours plaintiffs contend were reasonably expended litigating this matter and the 2015 hourly rates of counsel. Application of current hourly rates to work performed over the course of four years serves in part to compensate for the delay in payment and risks associated with contingency work.  Because plaintiffs offer the lodestar evidence only as a "cross-check" on the percentage of fund methodology for awarding fees, it is unnecessary to make conclusive findings as to the reasonableness of all the hours and rates claimed. For purposes of serving as a "cross-check," plaintiffs have proffered sufficient evidence to conclude that the Fee Award is fair and appropriate in light of the likely range of what a reasonable lodestar would be.  Thus, the Court also finds the Fee Award to be reasonable under a "lodestar cross-check" analysis.

       7.       The Court approves Class Counsel's actual and expected expenses in prosecuting this Action in the amount of $85,000 as reasonably incurred.

       8.       The Court approves payment of Service Awards of $12,500 for each of the Class Representatives, Plaintiffs Jose Gonzalez, Girard Plair, and Andrew Newton ("Plaintiffs"). These awards are fair and reasonable based on the service the Class Representatives provided to the Class and the risks they assumed by acting as Class Representatives while currently employed by the Defendant, and are consistent with the teaching of *Radcliffe v. Experion Information Solutions*, 715 F.3d 1157 (9th Cir. 2013) that incentive awards must "not undermine the adequacy of the class representatives." 715 F. 3d at 1160.

       9.       The Court approves the payment of $20,000 to Gilardi & Co., LLC, as the appointed Settlement Administrator for the purpose of the Settlement, for reasonable administration costs incurred and to be incurred to conclude the administration of this settlement.

       10.      The Court approves the distribution of the Settlement payments to Class Members in the manner specified in the Settlement, including that all uncashed

VAN VLECK
TURNER & ZALLER, LLP

[PROPOSED] ORDER AND JUDGMENT
APPROVING CLASS SETTLEMENT

3

Settlement checks will be distributed by the Settlement Administrator to the California Industrial Relations Unclaimed Wages Fund.

11. The Court approves the payment of $4,500 to the California Labor and Workforce Development Agency ("LWDA") for the settlement of applicable Private Attorney General Act penalties, Labor Code sections 2699 *et seq*.

12. The Court confirms the appointment of Van Vleck Turner & Zaller, LLP as Class Counsel, and Plaintiffs Jose Gonzalez, Girard Plair, and Andrew Newton as Class Representative.

13. Plaintiffs' counsel shall honor the commitment they made in Docket No. 87 to "true up" the claims of 10 class members such that each of those persons will receive payments of not less than $50, if and to the extent that it remains necessary to "true up" any or all of those claims, in light of the slightly larger percentage of the settlement fund that will be distributed to class members given the size of the Fee Award.

14. Based on the foregoing, the Court finds that the Settlement is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to F.R.C.P. 23(e)(1).

15. Accordingly, GOOD CAUSE APPEARING, the Court hereby ORDERS the following implementation schedule, using the definition set forth in the Settlement, for further proceedings:

| Action | Deadline |
|---|---|
| Defendant to pay the Settlement Administrator the Maximum Settlement Payment of $3,500,000 and sufficient funds for the | Five (5) business days after the Final Effective Date of the Settlement. |

| | |
|---|---|
| employer's share of payroll taxes. | ("Final Effective Date" is defined as the date by which appeal of the present Order and Judgment has been exhausted without any appeals having been filed, or all such appeals have been voluntarily or involuntarily dismissed, or the appropriate appellate court has finally affirmed the present Order and Judgment.) |
| Settlement Administrator will mail the required payments under the Settlement to the Class, Class Representatives, Class Counsel for attorneys' fees and costs, and the LWDA | Within fifteen (15) business days after the Final Effective Date of the Settlement |
| Settlement administrator will enter stop payment on all uncashed settlement checks | One-hundred eighty one (181) calendar days after the initial date of mailing of the settlement checks |
| Settlement administrator will distribute any uncashed check funds to the California Industrial Relations Unclaimed Wages Fund | One-hundred ninety-five (195) calendar days after the initial date of mailing of the settlement checks |

16.   With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Stipulation of Settlement are deemed released, and Class Members are hereby barred from prosecuting these released claims against the Released Parties.

17.   The Court retains continuing jurisdiction over this Settlement solely for purposes of enforcing this Agreement, addressing Settlement administration matters, and addressing such post-judgment matters as may be appropriate under Court rules

or applicable law. The Parties shall inform the Court, by filed declaration, once all Settlement Funds are finally distributed.

## **JUDGMENT**

It is hereby Ordered, Adjudged and Decreed that Judgement is hereby ENTERED on the terms set forth above.

Dated: November 19, 2015   _____
   Hon. Richard Seeborg
   United States District Court Judge